1

2

3

4                    IN THE UNITED STATES DISTRICT COURT

5                 FOR THE EASTERN DISTRICT OF CALIFORNIA

6

7   PATTI ANN COPPES,                    )
                                         )   2:10-cv-01689-GEB-DAD
8                       Plaintiff,       )
                                         )
9              v.                        )   ORDER DENYING PLAINTIFF'S
                                         )   APPLICATION FOR A TEMPORARY
10  WACHOVIA MORTGAGE CORPORATION        )   RESTRAINING ORDER
    and WELLS FARGO BANK, N.A., and      )
11  DOES 1 through 40,                   )
                                         )
12                      Defendants.      )
13  _____

14          Plaintiff filed an application for a temporary restraining

15  order ("TRO") on Friday, July 16, 2010 at 5:07 p.m., in which she

16  seeks to enjoin Defendants "from conducting the trustee's sale

17  scheduled to occur on July 20, 2010, or any other such trustee's sale

18  under that certain Deed of Trust against [the] real property [located

19  at] 8748 Robben Rd., Dixon CA 95620, County of Solano."  (Ex Parte

20  Application 2:5-8.)  Plaintiff stated in her application that her TRO

21  would be heard at 8:15 a.m. on Monday, July 19, 2010.  A Minute Order

22  issued on July 16 vacating the hearing time since Plaintiff failed to

23  provide sufficient opportunity for the Court to consider her

24  application.  Defendant Wachovia Mortgage ("Wachovia") filed an

25  opposition to Plaintiff's application Sunday evening on July 18, 2010.

26          Federal Rule of Civil Procedure 65 governs the issuance of a

27  TRO.  "A plaintiff seeking a [TRO] must establish that [she] is likely

28  to succeed on the merits, that [she] is likely to suffer irreparable

                                    1

harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest."  Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, Inc., --- U.S. ----, 129 S. Ct. 365, 374, (2008)); see also Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating the standards for issuing a TRO are "substantially identical" to those for issuing a preliminary injunction); Pimentel v. Deutsche Bank Nat. Trust Co., 2009 WL 3398789,*1 (S.D. Cal. 2009) (stating that "[t]emporary restraining orders are governed by the same standard applicable to preliminary injunctions") (citation omitted).  Further, "[i]n considering a motion for a temporary restraining order, the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order.  Should the Court find that the applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay . . . contradicts the applicant's allegations of irreparable injury and may deny the motion solely on [that] ground."  E.D. Cal. R. 231(b).

Plaintiff argues she will suffer irreparable injury since "[i]f the Plaintiff and [her] family are forced to move . . . [they] will lose their home and be required to uproot . . . to another place."  (P. & A. in Supp. of Application 8:4-7.)  However, Plaintiff has not shown why she "could [not] have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for [a TRO]."  E.D. Cal. R. 231(b).  Plaintiff's application indicates she has been aware of

1  Defendants' desire to initiate foreclosure proceedings on Plaintiff's
2  property, at a minimum, since March 12, 2010, when Plaintiff alleges
3  she received a Notice of Default.  (Compl. ¶ 21; Coppes Decl. ¶ 12.)
4  Plaintiff also states in her Application "Defendants issued a Notice
5  of Sale on June 13, 2010."  (P. & A. in Supp. of Application 7:22-24;
6  see also Compl ¶ 35 (alleging Defendants sent Plaintiff the Notice of
7  Sale on June 16, 2010).)  Further, Plaintiff's counsel declares he
8  notified Defendants of Plaintiff's intention to seek a TRO on July 13,
9  2010, a week before the trustee's sale.  (Abdallah Decl. ¶ 2.)
10 Nonetheless, Plaintiff did not seek injunctive relief until 5:07 p.m.
11 on Friday, July 16, 2010, one Court day before the scheduled sale of
12 her property.  Plaintiff has not explained why she waited nearly one
13 month after filing her complaint on June 17, 2010 to file her TRO
14 application.

15       Wachovia includes with its opposition a declaration from
16 Michael Barnas, the Vice President of Loan Documentation for Wachovia
17 Mortgage, who is responsible for overseeing foreclosure proceedings
18 for borrowers like Plaintiff.  Barnas declares that in a letter dated
19 January 29, 2010, from Wachovia to Plaintiff, Plaintiff was informed
20 "that Wachovia had not received the last five mortgage payments
21 totaling $15,665.75."  Barnas also declares that in a letter dated
22 April 27, 2010, Plaintiff was informed she is not eligible for
23 assistance under the Temporary Payment Reduction Program due to
24 her current financial condition; and that Plaintiff was informed in a
25 letter dated June 25, 2010, "that plaintiff had not been approved for
26 loan modification and that the loan is currently moving towards
27 foreclosure."

28

Since the record shows that Plaintiff has known the foreclosure has been looming since and before she received the June 25 letter, and Plaintiff fails to explain why she failed to seek an injunction earlier, this "delay contradicts [P]laintiff's allegations of irreparable injury, and [P]laintiff's motion is denied." Mammoth Specialty Lodging, LLC v. We-Ka Jassa Inv. Fund, LLC, 2010 WL 1539811, at *2 (E.D. Cal. 2010).

For the stated reasons, Plaintiff's application for a TRO is DENIED.

Dated:  July 19, 2010

GARLAND E. BURRELL, JR.
United States District Judge