IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATTI ANN COPPES,<br><br>        Plaintiff,<br><br>    v.<br><br>WACHOVIA MORTGAGE CORPORATION and WELLS FARGO BANK, N.A., and DOES 1 through 40,<br><br>        Defendants. | 2:10-cv-01689-GEB-DAD<br><br>ORDER GRANTING MOTION TO DISMISS[*] |

        Defendant Wachovia Mortgage, a division of Wells Fargo Bank, N.A.,("Wachovia") moves for dismissal of Plaintiff's Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6); and for an order striking portions of Plaintiff's Complaint under Rule 12(f). The motion to strike is denied since it is mooted by the ruling below. Wachovia motion includes arguments that Plaintiff's state law claims are preempted by the Home Owners' Loan Act ("HOLA"). (Mot. 2:6-15:4.)

        Wachovia argues it is "a division of Wells Fargo Bank, N.A., formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB." (Def.'s Mot. Dismiss ("Mot.") 1:25-27, 2:1.) Wachovia contends it is erroneously sued separately as "Wachovia Mortgage Corporation" and "Wells Fargo Bank, N.A.," and therefore this motion is brought as one entity Wachovia Mortgage, a division of Wells Fargo Bank, N.A. Id.

///

---

    [*]     This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

1   Plaintiff failed to file an opposition or statement of non-
2 opposition to Wachovia's motion as required by Local Rule 230(c). This
3 failure could be sanctionable conduct. Because of this failure, and the
4 attendant problem of analyzing each issue raised in the motion without
5 the benefit of Plaintiff's input, only certain arguments in the motion
6 are decided.
7   Plaintiff's Complaint concerns a real property loan
8 transaction, default, and foreclosure proceedings.

## I. LEGAL STANDARD

10   A Rule 12(b)(6) dismissal motion tests the legal sufficiency
11 of the claims alleged in the complaint. Novarro v. Black, 250 F.3d 729,
12 732 (9th Cir. 2001). A pleading must contain "a short and plain
13 statement of the claim showing that the pleader is entitled to
14 relief[.]" Fed.R.Civ.P. 8(a)(2). The complaint must "give the defendant
15 fair notice of what the [plaintiff's] claim is and the grounds upon
16 which relief rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544,
17 555 (2007).
18   Dismissal of a claim under Rule 12(b)(6) is appropriate only
19 where the complaint either 1) lacks a cognizable legal theory, or 2)
20 lacks factual allegations sufficient to support a cognizable legal
21 theory. Balistreri v. Pacific Police Dept., 901 F.2d 696, 699 (9th Cir.
22 1988). To avoid dismissal, a plaintiff must allege "only enough facts
23 to state a claim to relief that is plausible on its face." Twombly, 550
24 U.S. at 547.
25   In deciding a Rule 12(b)(6) motion, the material allegations
26 of the complaint are accepted as true and all reasonable inferences are
27 drawn in favor of the plaintiff. See al-Kidd v. Ashcroft, 580 F.3d 949,
28 956 (9th Cir. 2009). However, conclusory statements and legal

1  conclusions are not entitled to a presumption of truth.  See Ashcroft v.
2  Iqbal, 129 S. Ct. 1937, 1949-50 (2009); Twombly, 550 U.S. at 555. "In
3  sum, for a complaint to survive a motion to dismiss, the nonconclusory
4  'factual content,' and reasonable inferences from that content, must be
5  plausibly suggestive of a claim entitling the plaintiff to relief." Moss
6  v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

## II. REQUEST FOR JUDICIAL NOTICE

8  Wachovia's motion includes a request that judicial notice be
9  taken of documents.  Wachovia's judicial notice request also includes a
10 request that a document be considered under the incorporation by
11 reference doctrine. (Def.'s Req. for Judicial Notice in Supp. of Mot. to
12 Dismiss Compl. ("RJN") Exs. A-J.)

13 "As a general rule, a district court may not consider any
14 material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee
15 v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (citations and
16 internal quotation marks omitted). However, a court may consider matters
17 properly subject to judicial notice. Swartz v. KPMG LLP, 476 F.3d 756,
18 763 (9th Cir. 2007).  A matter may be judicially noticed if it is either
19 "generally known within the territorial jurisdiction of the trial court"
20 or "capable of accurate and ready determination by resort to sources
21 whose accuracy cannot reasonably be questioned."  Fed.R.Evid. 201(b).

22 "[T]he 'incorporation by reference' doctrine [applies] to
23 situations in which the plaintiff's claim depends on the contents of a
24 document, the defendant attaches the document to its motion to dismiss,
25 and the parties do not dispute the authenticity of the document, even
26 though the plaintiff does not explicitly allege the contents of that
27 document in the complaint." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th
28 Cir. 2005).

3

**1. Plaintiff's Loan**

Wachovia requests that the Adjustable Rate Mortgage Note signed by Plaintiff on April 6, 2007 be considered under the incorporation by reference doctrine. (RJN 2:5-20; Ex. A.) Wachovia also requests three documents be judicially noticed because they are publicly recorded documents: 1) Deed of Trust dated April 6, 2007, and recorded with the Official Records of the Office of the Solano County Recorder on April 16, 2007; 2) Notice of Default dated March 11, 2010 and recorded in the Official Records of the Office of the Solano County Recorder on March 12, 2010, and 3) Notice of Trustee's Sale dated June 13, 2010 and recorded in the Official Records of the Office of the Solano County Recorder on June 15, 2010. Id. 2:7-9, 21-27; 4:4-9; Exs. B, H-I.

The Adjustable Rate Mortgage Note is referred to in the Complaint, is central to Plaintiff's claims, and the authenticity of this document is not disputed. Since this document is incorporated into the Complaint by reference, it may be considered in deciding Wachovia's dismissal motion under the incorporation by reference doctrine.

Further, since the Deed of Trust, Notice of Default, and Notice of Trustee's Sale are publically recorded documents, they may be judicially noticed. See W. Fed. Sav. & Loan Ass'n v. Heflin Corp., 797 F. Supp. 790, 792 (N.D. Cal. 1992) (taking judicial notice of documents in a county's public record, including deeds of trust). Therefore, Wachovia's request that these documents be judicially noticed is granted.

**2. Wachovia's Name Change and Status**

Wachovia also requests that judicial notice be taken of the following documents: 1) its Certificate of Corporate Existence dated April 21, 2006 issued by the Office of Thrift Supervision, Department of

4

the Treasury; 2) a letter dated November 19, 2007 from the Office of Thrift Supervision, Department of the Treasury; 3) Wachovia's charter dated December 31, 2007; 4) Federal Deposit Insurance Corporation ("FDIC") profile and history of Wachovia dated August 9, 2010, from the FDIC's official website; and 5) a letter dated November 1, 2009 from the Comptroller of the Currency confirming Wachovia's conversion to a national bank with the name Wells Fargo Bank Southwest, National Association. (RJN Exs. C-G.) Wachovia argues these documents are proper for judicial notice since they are copies of official acts or records of departments of the United States or obtained from government websites. Id. 3:7-11. Wachovia further contends these documents show that Wachovia was a federal savings bank subject to HOLA, whose name was changed from World Savings to Wachovia on or about December 31, 2007, and that it is currently a division of Wells Fargo Bank, N.A. Id. 3:1-6.

"These documents are properly subject to judicial notice under Federal Rule of Evidence 201." Ibarra v. Loan City, No. 09-CV-02228-IEG (POR), 2010 WL 415284, at *3 (S.D. Cal. Jan. 27, 2010) (finding judicial notice of documents related to defendant's status as an operating subsidiary of a federal savings association proper); see also Gens v. Wachovia Mortgage Corp., No. CV10-01073 JF (HRL), 2010 WL 1924777, at *2 (N.D. Cal. May 12, 2010) (taking judicial notice of a letter issued by the Office of Thrift Supervision confirming World Savings' request to change its name to Wachovia); Biggins v. Wells Fargo & Co., No. 09-01272, --- F.R.D. ----, 2009 WL 2246199, at *4 (N.D. Cal. July 27, 2009) (taking judicial notice of an order from the Office of Thrift Supervision); Paralyzed Veterans of Am. v. McPherson, --- F.R.D. ----, 2008 WL 4183981, *5-6 (N.D. Cal. Sept. 9, 2008) (court took judicial notice of information appearing on and printed from official government

websites). Therefore, Wachovia's request that these documents be judicially noticed is granted.

### 3. Plaintiff's Bankruptcy

Wachovia also requests that judicial notice be taken of Plaintiff's Chapter 13 Plan, filed in the United States Bankruptcy Court for the Eastern District of California, in case #2010-38995 on July 30, 2010. (RJN Ex. J.)

"Materials from a proceeding in another tribunal are appropriate for judicial notice." Biggs v. Terhune, 334 F.3d 910, 915 n.3 (9th Cir. 2003). Wachovia's request that these documents be judicially noticed is granted since they are matters of public record. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of related matters of public record).

## II. BACKGROUND

Plaintiff purchased a home at 8748 Robben Road, Dixon, California (the "Property") in 2001. (Compl. ¶ 7.) In March 2007, Plaintiff "began consulting defendant WACHOVIA'S agent about refinancing her home." Id. ¶ 8. Plaintiff was convinced "to refinance her home and take an adjustable rate mortgage." Id. "Plaintiff was told that after one year she could acquire an interest rate reduction." Id. On April 6, 2007, Plaintiff obtained a $615,000.00 loan from Wachovia's predecessor, World Savings, FSB (the "Loan"). (RJN Ex. A.) The Loan was secured by a Deed of Trust recorded against the Property. Id. Ex. B.

"In 2008, Plaintiff called WACHOVIA and requested the interest rate be lowered but was told by the representative that they would not lower her interest rate." (Compl. ¶ 9.)

1  "In 2009, Plaintiff called WACHOVIA to get information on loan
2 modification programs[;]" Plaintiff was told they would be available in
3 May, 2009. Id. ¶ 10. Plaintiff called again in April, June, August, and
4 November 2009 but was repeatedly told to wait. Id. ¶¶ 11-14. In both
5 June and August 2009, Plaintiff was told she would be contacted about a
6 loan modification but never was. Id. ¶¶ 12-13. In February 2010,
7 Plaintiff again called to obtain a loan modification and was given a
8 list of documents she needed to supply in order to complete the process.
9 Id. ¶ 15. However, Plaintiff was ultimately unsuccessful in obtaining a
10 loan modification. Id. ¶¶ 15-20.

11  A Notice of Default was recorded on March 12, 2010 reflecting
12 an indebtedness at the time of $21,657.59. (RJN Ex. H.) When Plaintiff
13 called Wachovia and asked "why they were initiating default proceedings
14 against her when all along she was told by them that they were working
15 on modifying her loan . . . [s]he was assured that she need not worry
16 because they were moving forward with modifying her loan." (Compl. ¶
17 22.) On June 14, 2010, Plaintiff sent Wachovia a letter offering tender
18 of "all arrearages" on her loan. Id. ¶ 34. A Notice of Sale was recorded
19 on June 15, 2010, with a foreclosure sale date of July 6, 2010. (RJN Ex.
20 I.)

21  Plaintiff filed this action on June 18, 2010. Plaintiff also
22 filed an application for a temporary restraining order to stop the
23 scheduled foreclosure sale, which was denied. (ECF No. 7, 12.)
24 Thereafter, Plaintiff filed for bankruptcy and admitted pre-petition
25 arrears on the Loan totaling $35,865.00. (RJN Ex. J.)

26  **III. DISCUSSION**

27  Plaintiff's Complaint contains ten claims against Wachovia: 1)
28 fraud; 2) negligent misrepresentation; 3) breach of fiduciary duty; 4)

breach of contract; 5) negligence; 6) unfair competition; 7) predatory lending; 8) recession of contract; 9) declaratory relief; and 10) injunctive relief. (Compl. ¶¶ 38-77.)

### 1. Fraud and Negligent Misrepresentation

Wachovia argues Plaintiff's fraud and negligent misrepresentation claims should be dismissed because these claims fail to comply with Rule 9(b)'s heightened pleading standard. (Mot. 7:22-8:19.) Wachovia argues Plaintiff's allegations in these claims are entirely conclusory and fail to identify who made the allegedly fraudulent misrepresentations, what was said, and when it was said. Id. 8:20; 9:1-10.

Plaintiff alleges as follows in her fraud claim:

> On or about March, 2007 she began consulting defendant WACHOVIA'S agent about refinancing her home. WACHOVIA'S agent convinced Plaintiff to refinance her home and take an adjustable rate mortgage. Plaintiff was told that after one year she could acquire an interest rate reduction. Thus, in April, 2007, Plaintiff agreed to refinance her home with a 30 year adjustable rate mortgage and the loan was refinanced shortly thereafter.

(Compl. ¶ 8.) Plaintiff alleges the misrepresentations and omissions were made with the intent of deceiving her about her ability to obtain a lower interest rate with the purpose of inducing Plaintiff to refinance her home with Wachovia. Id. ¶ 40.

Plaintiff's alleges in her negligent misrepresentation claim that in March, 2007, Wachovia "made several negligent misrepresentations and/or material omissions to Plaintiff . . . with the intent of inducing Plaintiff to sign the contract to refinance her home." Id. ¶¶ 46-47.

The elements of a fraud claim under California law are: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or scienter); (c) intent to defraud, i.e., to

8

induce reliance; (d) justifiable reliance; and (e) resulting damage." Engalla v. Permanente Medical Group, Inc., 15 Cal. 4th 951, 974 (1997) (internal quotation marks omitted). "The same elements comprise a cause of action for negligent misrepresentation, except there is no requirement of intent to induce reliance." Cadlo v. Owens-Illinois, Inc., 125 Cal. App. 4th 513, 519 (2004).

A fraud claim plead in federal court must satisfy Rule 9(b)'s heightened pleading requirements. See Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1103 (9th Cir. 2003). This rule provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). The required specificity includes the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)). The same Rule 9(b) heightened pleading requirement applies to Plaintiff's negligent misrepresentation claim since it is evident that this claim is "grounded in fraud [and is alleged] to sound in fraud." Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009) (internal quotation marks omitted).

Plaintiff's allegations in these claims do not provide the specificity required by Rule 9(b), since Plaintiff has failed to include in her allegations "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz, 476 F.3d at 764 (internal quotation marks omitted). Therefore, Plaintiff's fraud and negligent misrepresentation claims are dismissed.

///

### 2. Breach of Fiduciary Duty

Wachovia argues Plaintiff's breach of fiduciary duty claim fails because there is no fiduciary relationship between a lender and a borrower. (Mot. 9:12-13.) "To state a cause of action for breach of fiduciary duty, a plaintiff must show 'the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach.'" Roberts v. Lomanto, 112 Cal. App. 4th 1553, 1562 (2003)(Citation omitted). However, "[a]bsent special circumstances . . . a loan transaction is [an] at arms-length [transaction] and there is no fiduciary relationship between the borrower and lender." Oaks Mgmt. Corp. v. Superior Court, 145 Cal. App. 4th 453, 466 (2006).

Plaintiff alleges: "[w]hen WACHOVIA'S agent solicited Plaintiff to refinance her home and gave her advice and guidance regarding this process, a fiduciary relation was created between WACHOVIA'S agent and Plaintiff[.]" (Compl. ¶ 51.) Plaintiff also alleges Wachovia's agent induced her "to enter into a loan by telling her information about which they had no way of knowing whether it would be true or not." Id. ¶ 53. However, Plaintiff's allegation do not support her conclusion that a fiduciary relationship was created. Therefore, Plaintiff's breach of fiduciary duty claim is dismissed.

### 3. Breach of Contract

Wachovia also argues Plaintiff's breach of contract claim should be dismissed because she fails to plead the elements of this claim. (Mot. 9:23.) To allege a claim for breach of contract under California law, a plaintiff "must plead . . . (1) a contract, (2) plaintiff's performance or excuse for non-performance, (3) defendant's breach, and (4) damages to plaintiff." Troyk v. Farmers Group, Inc., 171 Cal. App. 4th 1305, 1352 (2009).

10

1  Plaintiff alleges "[u]ntil 2010, Plaintiff has at all times
2 performed the terms of the agreement in the manner specified by the
3 agreement. Plaintiff went so far as offering WACHOVIA to tender all
4 arrearages on her loan and bring her loan current." (Compl. ¶ 56.)
5 Plaintiff alleges that "[o]n the other hand, [Defendant] ha[s] failed,
6 refused, and continue[s] to refuse to tender their performance as
7 required by the agreement." Id. ¶ 57. Wachovia argues Plaintiff has not
8 attached "a contract to the complaint nor does she identify any contract
9 provision that Wachovia purportedly breached." (Mot. 10:6-7.) Wachovia
10 also argues Plaintiff cannot allege her own contractual compliance when
11 she admits to arrears of at least $35,865.00. Id. 10:7-8; RJN Ex. J.
12 Wachovia also argues Plaintiff has failed to specify any damages
13 resulting from the purported breach. (Mot. 10:9-10.)

14  Plaintiff's claim for breach of contract is wholly conclusory
15 and contains no allegation specifying what terms of the contract
16 Wachovia breached or how Wachovia breached the contract. Therefore,
17 Plaintiff's breach of contract claim is dismissed.

18 **4. Negligence**

19  Wachovia argues Plaintiff's negligence should be dismissed
20 because Wachovia owed Plaintiff no duty of care. (Mot. 10:13-14.) The
21 elements of a negligence claim "are: the defendant had a duty to use due
22 care, . . . he or she breached that duty, and . . . the breach was the
23 proximate or legal cause of the [plaintiff's] resulting injury." Vasquez
24 v. Residential Invs., Inc., 118 Cal. App. 4th 269, 278 (2004). "[T]he
25 threshold element of a cause of action for negligence is the existence
26 of a duty to use due care toward an interest of another . . . . Whether
27 this essential prerequisite has been satisfied in a particular case is
28 a question of law." Glenn K. Jackson, Inc. v. Roe, 273 F.3d 1198, 1196-

11

97 (9th Cir. 2001) (applying California law) (citations and internal quotation marks omitted).

"Under California law, a lender does not owe a borrower or third party any duties beyond those expressed in the loan agreement, excepting those imposed due to special circumstances . . . ." Resolution Trust Corp. v. BVS Development, Inc., 42 F.3d 1206, 1214 (9th Cir. 1994) (citing Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991)). "Special circumstances" giving rise to a duty of care may exist when the "lender actively participates in the financed enterprise beyond the domain of the usual money lender." Nymark, 231 Cal. App. 3d at 1096.

Plaintiff alleges:

> On several different occasions, . . . [Defendant] agreed to modify Plaintiff's loan and move her loan into an 'in-house program' that would best suit her need[s] so that she could continue to afford her monthly mortgage payments. As a result of making these agreements, [Defendant] owed Plaintiff a duty to exercise that degree of ordinary skill and diligence in performing the duties as a borrower [sic].

(Compl. ¶ 60.) Plaintiff alleges Wachovia breached its duty to her "by causing her to slip into default status with her loan, causing her credit to deteriorate and putting her in a position where should [sic] could not restructure, modify or otherwise adjust her loan to an affordable and manageable rate." Id. ¶ 61.

Wachovia argues Plaintiff's duty of care allegation is conclusory and is contradicted by allegations in her Complaint. Wachovia argues Plaintiff alleges that Wachovia denied her loan modification applications on at least three occasions; that she was "referred to WACHOVIA for an 'in house program[;]'" and, she "applied for the 'in house program' and was declined." (Compl. ¶¶ 19-20.) Plaintiff's

12

contradictory allegations do not plausibly suggest that Wachovia "actively participates in the financed enterprise beyond the domain of the usual money lender." Nymark, 231 Cal. App. 3d at 1096. Therefore Plaintiff has not sufficiently alleged "special circumstances" plausibly suggesting Wachovia owed her a duty of care because it "actively participate[d] in the financed enterprise beyond the domain of the usual money lender." Id. Therefore, this claim is dismissed.

### 5. Unfair Competition

Wachovia argues that Plaintiff's unfair competition claim under California's Unfair Business Practices Act ("UCL claim") is deficient because Plaintiff has failed to allege "particular facts showing ongoing unlawful, unfair, and fraudulent business acts[.]" (Mot. 11:10-11.) Plaintiff alleges Wachovia's conduct "constitutes unlawful unfair and fraudulent business practices[.]" (Compl. ¶ 64.) Since Plaintiff's UCL claim is "grounded in fraud or [alleged] to sound in fraud," it "must satisfy the particularity requirement of Rule 9(b)." Kearns v. Ford Motor Co., 567 F.3d at 1125. However, Plaintiff has failed to plead with any particularity the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007). Therefore, this claim is dismissed.

### 6. Predatory Lending

Wachovia argues Plaintiff's predatory lending claim is preempted by HOLA. (Mot. 5:13-16.) This claim is premised on Plaintiff's allegation that Wachovia violated California Financial Code § 4970 *et seq.*, which prohibits predatory lending practices. (Compl. ¶ 70.) Specifically, Plaintiff alleges Wachovia violated § 4973 by making "false and misleading statements about Plaintiff's ability to obtain a

13

lower interest rate" which "caused Plaintiff to obtain a loan with a significant likelihood that she would go into default or foreclosure." Id.

California Financial Code § 4973 prohibits specific acts with regard to "covered loans." A "[c]overed loan" is:

> [A] consumer loan in which the original principal balance of the loan does not exceed the most current conforming loan limit for a single-family first mortgage loan established by the Federal National Mortgage Association in the case of a mortgage or deed of trust, and where one of the following conditions are met:
>
> (1) For a mortgage or deed of trust, the annual percentage rate at consummation of the transaction will exceed by more than eight percentage points the yield on Treasury securities having comparable periods of maturity on the 15th day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor.
>
> (2) The total points and fees payable by the consumer at or before closing for a mortgage or deed of trust will exceed 6 percent of the total loan amount.

Cal. Fin. Code § 4970(b). Plaintiff fails to allege the principal of her loan meets the conforming loan limit. She also "does not allege either that the annual percentage rate at consummation of the transaction exceeded the Treasury securities rate by more than eight percentage points or that the total points and fees paid by the consumer at or before closing exceeded six percent of the total loan amount." Nool v. HomeQ Servicing, 653 F. Supp. 2d 1047, 1054 (E.D. Cal. 2009).

Plaintiff has failed to state a viable claim under § 4970. However, even if Plaintiff had properly plead a claim under § 4970, Wachovia argues this claim is preempted by HOLA. (Mot. 5:13-16.) Wachovia was a federal savings bank that was subject to HOLA and regulation by the Office of Thrift Supervision ("OTS") at the time Plaintiff obtained her loan in 2008. See RJN Ex C-G. "[W]hen plaintiffs

14

rely upon state laws of specific application to savings and loans activity, their claims are preempted." Reyes v. Downey Savings & Loan Ass'n, F.A., 541 F. Supp. 2d 1108, 1113 (C.D. Cal. 2008).

"HOLA created what is now the OTS for the purpose of administering the statute, and it provided the OTS with 'plenary authority' to promulgate regulations involving the operation of federal savings associations." State Farm Bank v. Reardon, 539 F.3d 336, 342 (6th Cir. 2008). The OTS has broad authority to promulgate regulations "superseding state law." Fidelity Federal Savings & Loan, Ass'n v. de la Cuesta, 458 U.S. 141, 162 (1982). 12 C.F.R. § 560.2(a) provides that federal law "occupies the entire field of lending regulation for federal savings associations." "When federal law preempts a field, it leaves 'no room for the States to supplement it.'" Silvas v. E*Trade Mortgage Corp., 514 F.3d 1001, 1007 n. 3 (9th Cir. 2008) (quoting Rice v. Santa Fe Elev. Corp., 331 U.S. 218, 230 (1947)).

"OTS has outlined a proper analysis in evaluating whether a state law is preempted under the regulation." Silvas, 514 F.3d at 1005 (9th Cir. 2008). "When analyzing the status of state laws under § 560.2, the first step will be to determine whether the type of law in question is listed in paragraph (b). If so, the analysis will end there; the law is preempted." Id. (quoting OTS, Final Rule, 61 Fed.Reg. 50951, 50966-67 (Sept. 30, 1996)). Section 560.2(b) preempts "state laws purporting to impose requirements regarding:" "terms of credit," "disclosure", and the "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages." 12 C.F.R. § 560.2(b)(4),(9),(10).

///

Since Plaintiff's Plaintiff's § 4970 claim is based on the alleged non-disclose of an interest rate, Wachovia prevails on its preemption argument and this claim is dismissed with prejudice.

**7. Rescission of Contract**

Wachovia also seeks dismissal of what it characterizes as "Plaintiff's state law rescission claim" arguing it is preempted by HOLA. (Mot. 5:13-16.) Plaintiff does not allege under what law her recession claim is based. "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). Plaintiff alleges in her rescission claim that Wachovia misrepresented Plaintiff's "ability to obtain a lower interest rate" and "[t]his non-disclosure was material[.]" (Compl. ¶ 74.) Since this allegation could allege a rescission of contract under TILA and under state law, both legal bases are addressed.

**a. State Law**

Wachovia argues Plaintiff's state rescission claim is preempted by HOLA. (Mot. 5:13-16.) Plaintiff's rescission claim is based on alleged "misrepresentations of [Plaintiff's] ability to obtain a lower interest rate[.]" (Compl. ¶ 74.) This disclosure misrepresentation allegation is within the preemptive scope of section 560.2(b) and therefore, this state rescission claim is preempted by HOLA and is dismissed with prejudice.

**b. TILA**

Wachovia argues Plaintiff's recision claim "would be time-barred if brought under TILA." (Mot. 14:4-5.) Under TILA, a borrower's right to rescission "expire[s] three years after the date of the

16

consummation of the transaction[.]" 15 U.S.C. § 1635(f). This three-year limitations period "represents an absolute limitation on rescission actions [and] bars any claims filed more than three years after the consummation of the transaction. Therefore, § 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside of the three-year limitation period." Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (citation and internal quotation marks omitted). "Equitable tolling does not apply to rescission under this provision of TILA, because § 1635(f) completely extinguishes the right of rescission at the end of the 3-year period[.]" Taylor v. Money Store, 42 Fed. Appx. 932, 933 (9th Cir. 2002) (internal quotation marks omitted).

Since Plaintiff consummated her loan on April 6, 2007, the three-year statute of limitations period expired on April 6, 2010. (RJN Ex. A.) Plaintiff, however, did not file her initial Complaint in this action until June 17, 2010. (Notice of Removal 3:21-22.) Therefore, Plaintiff's TILA rescission claim is dismissed with prejudice.

**8. Declaratory Relief**

Wachovia argues Plaintiff fails to state a declaratory relief claim since a request for declaratory relief does not create a claim that otherwise does not exist. (Mot. 14:14-15.) Wachovia argues Plaintiffs declaratory relief claim is merely duplicative of the previous eight claims and that Plaintiff "has not identified any actual present controversy that could be the proper subject of a claim for declaratory relief." Id. 14:21-24.

"Declaratory relief is appropriate (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in

issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Guerra v. Sutton, 783 F.2d 1371, 1376 (9th Cir. 1986). "[T]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate," however, "the availability of other adequate remedies may make declaratory relief inappropriate." Further, "a federal court may decline to address a claim for declaratory relief" where the substantive claims "would resolve the issues raised by the declaratory judgment action[.]" Fimbres v. Chapel Mortg. Corp., No. 09-cv-0886-IEG, 2009 WL 416332, at *5 (S.D. Cal. Nov. 20, 2009) (internal quotations and citations omitted); see also StreamCast Networks, Inc. v. IBIS LLC, No. CV 05-04239 MMM, 2006 WL 5720345, at *3-4 (C.D. Cal. May 2, 2006).

Here, Plaintiff seeks "a judicial determination and declaration of Plaintiff's and Defendants' [sic] respective rights and duties. Specifically, Plaintiff requires that the Court determine that he [sic] did not breach the terms of the agreement between her and Defendant." (Compl. ¶ 78.) Since all of Plaintiff's claims have been dismissed and Plaintiff has not stated a basis for declaratory relief, Plaintiffs' declaratory relief claim is dismissed.

**9. Injunctive Relief**

Wachovia also argues Plaintiff's injunctive relief claim should be dismissed since a "claim for injunctive relief fails because a request for injunctive relief does not represent an independent claim." (Mot. 15:2-3.) Under both federal and state law, an injunction is a remedy, not a claim in and of itself. See Curtis v. Option One Mortg. Corp., No. 109-cv-1608 AWI SMS, 2010 WL 599816, at *13 (E.D. Cal. Feb. 18, 2010)(citing Washington Toxics Coalition v. Environmental Protection Agency, 413 F.3d 1024, 1034 (9th Cir. 2005) and Shamsian v.

Atlantic Richfield Co., 107 Cal. App. 4th 967, 985 (2003)). Therefore, Plaintiff's injunctive relief claim is dismissed.

### IV. CONCLUSION

For the stated reasons, Wachovia's motion to dismiss Plaintiff's Complaint is granted. Plaintiff is granted ten (10) days from the date on which this order is filed to file a First Amended Complaint in which she addresses the deficiencies in any claim not dismissed with prejudice. Further, Plaintiff is notified that this action may be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) if Plaintiff fails to file an amended Complaint within the prescribed time period. A factor appearing to favor dismissal with prejudice under Rule 41(b) is Plaintiff's failure to oppose Wachovia's dismissal motion, which indicates she has no interest prosecuting this action.

Dated: October 29, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge