IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATTI ANN COPPES,

Plaintiff,

v.

WACHOVIA MORTGAGE CORPORATION and WELLS FARGO BANK, N.A., and DOES 1 through 40,

Defendants.

2:10-cv-01689-GEB-DAD

ORDER GRANTING MOTION TO DISMISS*

Wachovia Mortgage ("Wachovia") moves under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for dismissal with prejudice of Plaintiff's First Amended Complaint ("FAC"); and for an order issued under Rule 12(f) that would strike portions of Plaintiff's FAC. Plaintiff opposes the dismissal motion. For the reasons stated below, Wachovia's dismissal motion is granted and its motion to strike is denied since it is mooted by the ruling below on the dismissal motion.

Wachovia argues it is "a division of Wells Fargo Bank, N.A., formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB[.]" (Notice of Mot. 1:27-2:1.) Wachovia contends it is erroneously sued separately as "Wachovia Mortgage Corporation" and "Wells Fargo Bank, N.A.," and therefore brings this motion as one entity, "Wachovia Mortgage, a division of Wells Fargo Bank, N.A.". Id. 1:27-2:1-2.

---

* This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

**I. LEGAL STANDARD**

To avoid dismissal under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1951).

In analyzing whether a claim has facial plausibility, "[w]e accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." Daniels-Hall v. Nat'l Educ. Ass'n, --- F.3d ----, 2010 WL 5141247, at *3 (9th Cir. 2010). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 129 S. Ct. at 1949. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).

"In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss, 572 F.3d at 969 (quoting Twombly, 550 U.S. at 557).

///

**II. REQUEST FOR JUDICIAL NOTICE**

Wachovia's motion includes a request that judicial notice be taken of documents. Wachovia also requests that a document be considered under the incorporation by reference doctrine. (Def.'s Req. for Judicial Notice in Supp. of Mot. ("RJN") Exs. A-J.)

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (citations and internal quotation marks omitted). However, a court may consider matters properly subject to judicial notice. Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). A matter may be judicially noticed if it is either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b).

"[T]he 'incorporation by reference' doctrine [applies] to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

**1. Plaintiff's Loan**

Wachovia requests that the Adjustable Rate Mortgage Note signed by Plaintiff on April 6, 2007 be considered under the incorporation by reference doctrine. (RJN 2:11-21; Ex. A.) Wachovia also requests that the following three documents be judicially noticed because they are publicly recorded documents: 1) Deed of Trust dated April 6, 2007, and recorded with the Official Records of the Office of

the Solano County Recorder on April 16, 2007; 2) Notice of Default dated March 11, 2010 and recorded in the Official Records of the Office of the Solano County Recorder on March 12, 2010, and 3) Notice of Trustee's Sale dated June 13, 2010 and recorded in the Official Records of the Office of the Solano County Recorder on June 15, 2010. (RJN 2:8-10, 4:5-10; Exs. B, H-I.)

The Adjustable Rate Mortgage Note is referenced in the FAC, is central to Plaintiff's claims, and its authenticity is unisputed. Since this document is incorporated into the FAC by reference, it may be considered in deciding Wachovia's dismissal motion under the incorporation by reference doctrine.

Further, since the Deed of Trust, Notice of Default, and Notice of Trustee's Sale are publicly recorded documents, they may be judicially noticed; and, therefore, the request is granted. See W. Fed. Sav. & Loan Ass'n v. Heflin Corp., 797 F. Supp. 790, 792 (N.D. Cal. 1992) (taking judicial notice of documents in a county's public record, including deeds of trust).

**2. Wachovia's Name Change and Status**

Wachovia also requests that judicial notice be taken of the following documents: 1) its Certificate of Corporate Existence dated April 21, 2006 issued by the Office of Thrift Supervision, Department of the Treasury; 2) a letter dated November 19, 2007 from the Office of Thrift Supervision, Department of the Treasury; 3) Wachovia's charter dated December 31, 2007; 4) Federal Deposit Insurance Corporation ("FDIC") profile and history of Wachovia dated December 29, 2010, from the FDIC's official website; and 5) a letter dated November 1, 2009 from the Comptroller of the Currency confirming Wachovia's conversion to a national bank with the name Wells Fargo Bank Southwest, National

Association. (RJN 3:17-4:2; Exs. C-G.) Wachovia argues judicial notice should be taken of these documents since they are copies of official acts or records of departments of the United States or because they were obtained from government websites. Id. 3:7-13. Wachovia further contends these documents show that Wachovia was a federal savings bank, whose name was changed from World Savings to Wachovia on or about December 31, 2007, and that it is currently a division of Wells Fargo Bank, N.A.. Id. 3:1-6.

Judicial notice is taken as requested for Wachovia's name change and status as a federal savings bank. See Ibarra v. Loan City, No. 09-CV-02228-IEG (POR), 2010 WL 415284, at *3 (S.D. Cal. Jan. 27, 2010) (finding judicial notice of documents related to defendant's status as an operating subsidiary of a federal savings association proper); see also Gens v. Wachovia Mortgage Corp., No. CV10-01073 JF (HRL), 2010 WL 1924777, at *2 (N.D. Cal. May 12, 2010) (taking judicial notice of a letter issued by the Office of Thrift Supervision confirming World Savings' request to change its name to Wachovia); Biggins v. Wells Fargo & Co., No. 09-01272, --- F.R.D. ----, 2009 WL 2246199, at *4 (N.D. Cal. July 27, 2009) (taking judicial notice of an order from the Office of Thrift Supervision); Paralyzed Veterans of Am. v. McPherson, --- F.R.D. ----, 2008 WL 4183981, at *5-6 (N.D. Cal. Sept. 9, 2008) (court took judicial notice of information appearing on and printed from official government websites).

**3. Plaintiff's Bankruptcy**

Wachovia also requests that judicial notice be taken of Plaintiff's "Chapter 13 Plan", filed in the United States Bankruptcy Court for the Eastern District of California, in case #2010-38995 on July 30, 2010. (RJN 4:15-19; Ex. J.)

This request is also granted Wachovia's since it is Plaintiff's bankruptcy filing.

**II. BACKGROUND**

Plaintiff's FAC concerns a real property loan transaction, default, and foreclosure proceedings, and the following allegations unless otherwise stated. Plaintiff purchased a home at 8748 Robben Road, Dixon, California (the "Property") in 2001. (FAC ¶¶ 6, 11.) On April 6, 2007, Plaintiff obtained a $615,000.00 loan from Wachovia's predecessor, World Savings, FSB (the "Loan"). (RJN Ex. A.) The Loan was secured by a Deed of Trust recorded against the Property. Id. Ex. B.

"In early 2009, Plaintiff called WACHOVIA to get information on loan modification programs[;]" Plaintiff was told they would be available in May, 2009. (FAC ¶ 12.) Plaintiff called again in April, June, and August 2009 but was told to wait. Id. ¶¶ 13-14. "Each moth thereafter, Plaintiff reached out to WACHOVIA and only received empty promises to modify her home [loan]." Id. ¶ 15. In February 2010, "Plaintiff was invited to supply documents to WACHOVIA in order to complete the process." Id. ¶ 15. However, Plaintiff was ultimately unsuccessful in obtaining a loan modification. Id. ¶¶ 15-19.

A Notice of Default was recorded on March 12, 2010 reflecting an indebtedness at the time of $21,657.59. (RJN Ex. H.) "Plaintiff contacted WACHOVIA's representative by phone on or about March 12, 2010 questioning the representative as to why it was initiating default proceedings against her when all along she was told by WACHOVIA that it was working on modifying her loan [and] . . . [s]he was assured that she need not worry because they were moving forward with modifying her loan." (FAC ¶ 21.) On June 14, 2010, Plaintiff sent Wachovia a letter offering tender of "all arrearages" on her loan. Id. ¶ 22. "The tender

went unanswered and once again WACHOVIA disregarded Plaintiff's genuine efforts to save her home[.]" Id. ¶ 23. A Notice of Sale was recorded on June 15, 2010, with a foreclosure sale date of July 6, 2010. (RJN Ex. I.)

After filing this action on June 18, 2010, Plaintiff filed for bankruptcy, in which proceeding she admitted pre-petition arrears on the Loan totaling $35,865.00. (RJN Ex. J.)

**III. DISCUSSION**

Plaintiff's FAC contains eight claims against Wachovia: 1) fraud and fraud in the inducement; 2) negligent misrepresentation; 3) breach of fiduciary duty; 4) breach of contract; 5) negligence; 6) unfair competition; 7) declaratory relief; and 8) injunctive relief. (FAC ¶¶ 30-77.)

Wachovia argues, inter alia, that Plaintiff has failed to plead claims with the required specificity and has not plead elements of certain claims. Wachovia's Home Owners' Loan Act arguments are not decided since Plaintiff's claims have not been shown actionable.

**1. Fraud and Negligent Misrepresentation**

Wachovia seeks dismissal of Plaintiff's fraud and negligent misrepresentation claims, arguing these claims fail to comply with Rule 9(b)'s heightened pleading standard. (Mot. 8:14-10:7.) Wachovia argues Plaintiff's allegations in these claims are entirely conclusory and fail to identify who made the allegedly fraudulent misrepresentations, what was said, and when it was said. Id. 8:24-27; 10:6-7.

Plaintiff alleges as follows in her fraud claim:

> On or about February 2009, WACHOVIA'S agent made several intentional misrepresentations and/or material omissions to Plaintiff [related to modifying her home loan] . . . . WACHOVIA'S agent made the . . . misrepresentations and omissions with the intent of deceiving Plaintiff about

> Plaintiff's ability to obtain a lower interest rate on her mortgage with the purpose of inducing Plaintiff to refinance her home with WACHOVIA. Neither WACHOVIA'S agents not WACHOVIA knew whether Plaintiff would be able to obtain a lower interest rate one year from the date of refinancing. Yet between 2007 and 2010, WACHOVIA continued to misrepresent to Plaintiff that they were working to help her modify and refinance. Therefore, the misrepresentations and/or omissions were false, disingenuous, or at the very least made with reckless disregard for the truth. Plaintiff justifiably relied on the agent's representations and omissions in agreeing to refinance her home with WACHOVIA.

(FAC ¶¶ 39-41.)

Plaintiff's alleges in her negligent misrepresentation claim that "[o]n or about February, 2009, WACHOVIA'S agent made several negligent misrepresentations and/or material omissions to Plaintiff . . . with reckless disregard of inducing Plaintiff to sign the contract to modify or refinance her home." Id. ¶¶ 46-47.

The elements of a fraud claim under California law are: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or scienter); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." Engalla v. Permanente Medical Group, Inc., 15 Cal. 4th 951, 974 (1997) (internal quotation marks omitted). "The same elements comprise a cause of action for negligent misrepresentation, except there is no requirement of intent to induce reliance." Cadlo v. Owens-Illinois, Inc., 125 Cal. App. 4th 513, 519 (2004).

A fraud claim plead in federal court must satisfy Rule 9(b)'s heightened pleading requirements. See Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1103 (9th Cir. 2003). This rule provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). The required

specificity includes the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)). Rule 9(b)'s heightened pleading standard also applies to Plaintiff's negligent misrepresentation claim since it is "grounded in fraud [and alleged] to sound in fraud." Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009) (internal quotation marks omitted).

Plaintiff alleges that in 2009, Wachovia committed fraud and/or misrepresentation with "the intent of deceiving Plaintiff about Plaintiff's ability to obtain a lower interest rate on her mortgage with the purpose of inducing Plaintiff to refinance her home with WACHOVIA." (FAC ¶ 40.) However, Plaintiff refinanced her home with Wachovia in 2007. (RJN Ex. A.) Further, Plaintiff's allegations in these claims do not provide the specificity required by Rule 9(b), since Plaintiff has failed to include in her allegations "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz, 476 F.3d at 764 (internal quotation marks omitted). Therefore, Plaintiff's fraud and negligent misrepresentation claims are dismissed.

**2. Breach of Fiduciary Duty**

Wachovia argues Plaintiff's breach of fiduciary duty claim fails because there is no fiduciary relationship between a lender and a borrower. (Mot. 10:9-10.) "To state a cause of action for breach of fiduciary duty, a plaintiff must show 'the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach.'" Roberts v. Lomanto, 112 Cal. App. 4th 1553, 1562 (2003) (citation omitted). However, "[a]bsent special circumstances . . . a

loan transaction is [an] at arms-length [transaction] and there is no fiduciary relationship between the borrower and lender." Oaks Mgmt. Corp. v. Superior Court, 145 Cal. App. 4th 453, 466 (2006).

Plaintiff alleges: "[w]hen WACHOVIA'S agent solicited Plaintiff to modify or refinance her home in February of 2009 and gave her advice and guidance regarding this process, a fiduciary relation was created between WACHOVIA'S agent and Plaintiff[.]" (FAC ¶ 51.) Plaintiff also alleges Wachovia's agent induced her "to enter into a loan by telling her information about which they had no way of knowing whether it would be true or not." Id. ¶ 53. Plaintiff fails to allege facts that plausibly suggest a fiduciary relationship was created, and therefore, Plaintiff's breach of fiduciary duty claim is dismissed.

**3. Breach of Contract**

Wachovia also argues Plaintiff's breach of contract claim should be dismissed because she fails to plead the elements of this claim. (Mot. 9:23.) To allege a claim for breach of contract under California law, a plaintiff "must plead . . . (1) a contract, (2) plaintiff's performance or excuse for non-performance, (3) defendant's breach, and (4) damages to plaintiff." Troyk v. Farmers Group, Inc., 171 Cal. App. 4th 1305, 1352 (2009).

Plaintiff alleges that "[o]n or about September, 2007, Plaintiff and defendant WACHOVIA entered into an oral agreement to modify or refinance Plaintiff's home." (FAC ¶ 55.) Plaintiff alleges that "[u]ntil 2010, Plaintiff has at all times performed the terms of the agreement in the manner specified by the agreement. Plaintiff went so far as offering WACHOVIA to tender all arrearages on her loan and bring her loan current." Id. ¶ 56. Plaintiff alleges that "[o]n the other hand, WACHOVIA has failed, refused, and continue[s] to refuse to

tender their performance as required by the agreement." Id. ¶ 57. Wachovia argues Plaintiff has not attached "a contract to the complaint nor does she identify any contract provision that Wachovia purportedly breached" and "any purported oral agreement to modify the loan is barred by the statute of frauds." (Mot. 11:4-9.) Wachovia also argues Plaintiff cannot allege her own contractual compliance when she admits to $35,865.00 arrears in her bankruptcy filing. Id. 11:5-6; RJN Ex. J. Wachovia also argues Plaintiff has failed to specify any damages resulting from the purported breach. (Mot. 11:7-8.)

Plaintiff's claim for breach of contract is wholly conclusory and contains no allegation specifying what terms of the contract Wachovia breached or how Wachovia breached the contract. Further, an oral agreement to modify or refinance Plaintiff's loan violates the statute of frauds since it necessarily modifies the Deed of Trust. Secrest v. Sec. Nat'l Mortg. Loan Trust 2002-2, 167 Cal. App. 4th 544, 553-54 (2008) (holding an unsigned forbearance agreement violated the statute of frauds since it attempted to modify a promissory note and deed of trust, which are subject to the statute of frauds). Therefore, Plaintiff's breach of contract claim is dismissed.

**4. Negligence**

Wachovia argues Plaintiff's negligence claim should be dismissed because Wachovia owed Plaintiff no duty of care. (Mot. 11:21-24.) The elements of a negligence claim "are: the defendant had a duty to use due care, . . . he or she breached that duty, and . . . the breach was the proximate or legal cause of the [plaintiff's] resulting injury." Vasquez v. Residential Invs., Inc., 118 Cal. App. 4th 269, 278 (2004). "[T]he threshold element of a cause of action for negligence is the existence of a duty to use due care toward an interest of another

. . . . Whether this essential prerequisite has been satisfied in a particular case is a question of law." Glenn K. Jackson, Inc. v. Roe, 273 F.3d 1198, 1196-97 (9th Cir. 2001) (applying California law) (citations and internal quotation marks omitted).

"Under California law, a lender does not owe a borrower or third party any duties beyond those expressed in the loan agreement, excepting those imposed due to special circumstances . . . ." Resolution Trust Corp. v. BVS Development, Inc., 42 F.3d 1206, 1214 (9th Cir. 1994) (citing Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991)). "Special circumstances" giving rise to a duty of care may exist when the "lender actively participates in the financed enterprise beyond the domain of the usual money lender." Nymark, 231 Cal. App. 3d at 1096.

Plaintiff alleges:

> On several different occasions, WACHOVIA agreed to modify Plaintiff's loan and move her loan into an 'in-house program' that would best suit her need[s] so that she could continue to afford her monthly mortgage payments. As a result of making these agreements, WACHOVIA owed Plaintiff a duty to exercise that degree of ordinary skill and diligence in performing the duties as a borrower [sic].

(FAC ¶ 60.) Plaintiff alleges Wachovia breached its duty to her "by causing her to slip into default status with her loan, causing her credit to deteriorate and putting her in a position where should [sic] could not restructure, modify or otherwise adjust her loan to an affordable and manageable rate." Id. ¶ 61.

Wachovia argues Plaintiff's duty of care allegation is contradicted by other allegations in her FAC. (Mot. 12:6-13.) Wachovia argues Plaintiff alleges in her FAC that Wachovia denied her loan modification applications. Id. 12:9-11. Plaintiff also alleges she was "referred to WACHOVIA for an 'in house program[;]'" and, she "applied

for the 'in house program' and was declined." (FAC ¶¶ 18-19.) Plaintiff's contradictory allegations do not plausibly suggest that Wachovia "actively participates in the financed enterprise beyond the domain of the usual money lender." Nymark, 231 Cal. App. 3d at 1096. Therefore Plaintiff has not alleged "special circumstances" plausibly suggesting Wachovia owed her a duty of care because it "actively participate[d] in the financed enterprise beyond the domain of the usual money lender." Id. Therefore, this claim is dismissed.

**5. Unfair Competition**

Wachovia argues that Plaintiff's unfair competition claim under California's Unfair Business Practices Act ("UCL claim") is deficient because Plaintiff has failed to allege "particular facts showing ongoing unlawful, unfair, and fraudulent business acts[.]" (Mot. 12:18-19.) Plaintiff alleges Wachovia's conduct "constitutes unlawful unfair and fraudulent business practices[.]" (FAC ¶ 64.) Since Plaintiff's UCL claim is "grounded in fraud or [alleged] to sound in fraud," it "must satisfy the particularity requirement of Rule 9(b)." Kearns v. Ford Motor Co.,567 F.3d at 1125. However, Plaintiff has failed to plead with any particularity the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007). Therefore, this claim is dismissed.

**6. Declaratory Relief**

Wachovia argues Plaintiff fails to state a declaratory relief claim since a request for declaratory relief does not create a claim that otherwise does not exist. (Mot. 13:13-14.) Wachovia argues Plaintiffs declaratory relief claim is merely duplicative of Plaintiff's previous six claims in which Plaintiff "has not identified any actual

present controversy that could be the proper subject of a claim for declaratory relief." Id. 13:20-23.

"Declaratory relief is appropriate (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Guerra v. Sutton, 783 F.2d 1371, 1376 (9th Cir. 1986). "[T]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate[;]" however, "the availability of other adequate remedies may make declaratory relief inappropriate." Further, "a federal court may decline to address a claim for declaratory relief" where the substantive claims "would resolve the issues raised by the declaratory judgment action[.]" Fimbres v. Chapel Mortg. Corp., No. 09-cv-0886-IEG, 2009 WL 416332, at *5 (S.D. Cal. Nov. 20, 2009) (internal quotations and citations omitted); see also StreamCast Networks, Inc. v. IBIS LLC, No. CV 05-04239 MMM, 2006 WL 5720345, at *3-4 (C.D. Cal. May 2, 2006).

Here, Plaintiff seeks "a judicial determination and declaration of Plaintiff's and Defendants' [sic] respective rights and duties. Specifically, Plaintiff requires that the Court determine that he [sic] did not breach the terms of the agreement between her and Defendant." (FAC ¶ 70.) Since all of Plaintiff's claims have been dismissed and Plaintiff has not stated a basis for declaratory relief, Plaintiffs' declaratory relief claim is dismissed.

**7. Injunctive Relief**

Wachovia also argues Plaintiff's injunctive relief claim should be dismissed since a "claim for injunctive relief fails because a request for injunctive relief does not represent an independent

claim." (Mot. 13:24-25.) Under both federal and state law, an injunction is a remedy, not a claim in and of itself. See Curtis v. Option One Mortg. Corp., No. 09-cv-1608 AWI SMS, 2010 WL 599816, at *13 (E.D. Cal. Feb. 18, 2010) (citing Washington Toxics Coalition v. Environmental Protection Agency, 413 F.3d 1024, 1034 (9th Cir. 2005) and Shamsian v. Atlantic Richfield Co., 107 Cal. App. 4th 967, 985 (2003)). Therefore, Plaintiff's injunctive relief claim is dismissed.

**8. Leave to Amend**

Wachovia "requests an order granting the motion to dismiss [Plaintiff's] . . . claims without leave to amend." (Mot. 14:2-3.)

If a Rule 12(b)(6) motion is granted, the "'district court should grant leave to amend even if no request to amend the pleadings is made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting Doe v. U.S., 58 F.3d 484, 497 (9th Cir. 1995)).

Wachovia brought a motion to dismiss Plaintiff's Complaint, which was granted in an Order filed November 1, 2010. (ECF No. 18.) The Court dismissed Plaintiff's claims for the same reasons stated in this Order. Based on Plaintiff's failure to address the issues identified in the November 1, 2010 Order, it is clear "any amendment would be futile, [and] there was no need to prolong the litigation by permitting further amendment." Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002).

## IV. CONCLUSION

For the stated reasons, Wachovia's motion to dismiss Plaintiff's FAC is GRANTED with prejudice. Judgment shall be entered in favor of Defendant Wachovia Mortgage, a division of Wells Fargo Bank,

N.A., erroneously sued separately as Wachovia Mortgage Corporation and Wells Fargo Bank, N.A..

Dated: April 13, 2011

GARLAND E. BURRELL, JR.
United States District Judge