IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
PATTI ANN COPPES,                   )
                                    )   2:10-cv-01689-GEB-DAD
          Plaintiff,                )
                                    )
     v.                             )   ORDER GRANTING MOTION FOR
                                    )   ATTORNEYS' FEES
WACHOVIA MORTGAGE CORPORATION       )
and WELLS FARGO BANK, N.A., and     )
DOES 1 through 40,                  )
                                    )
          Defendants.               )
_____)
```

Defendant Wachovia Mortgage ("Wachovia")[1] moves for "an award of $13,771.50 in attorneys' fees as the prevailing party[,]" following an order filed on April 13, 2011 that granted Wachovia's dismissal motion; which included dismissal of Plaintiff's First Amended Complaint ("FAC") with prejudice. (Wachovia's Mot. for Att'y Fees ("Mot.") 1:7-8.) Wachovia seeks attorneys' fees under Section 1717 of the California Civil Code ("Section 1717"). This statute "authorizes reasonable attorney's fees 'in any action on a contract, where [a] contract specifically provides that attorney's fees and costs, which are incurred to enforce the contract, . . . be awarded either to one of the parties

---

[1] Wachovia Mortgage states it is "a division of Wells Fargo Bank, N.A., successor by merger of Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB, sued separately herein as 'Wachovia Mortgage Corporation' and 'Wells Fargo Bank, N.A.'" and therefore, this motion is filed by Wachovia Mortgage. (Notice of Mot. 2:5-8.)

1

1  or to the prevailing party.'" Barrientos v. 1801-1825 Morton LLC, 583
2  F.3d 1197, 1216 (9th Cir. 2009) (quoting Cal. Civ. Code § 1717(a)).
3  Wachovia argues Plaintiff's Adjustable Rate Mortgage Note and Deed of
4  Trust provide for attorneys' fees to the prevailing party in an action
5  to enforce the contracts involved in this lawsuit, and it seeks to
6  include these documents in its motion. See Cal. Civ. Proc. Code § 1021
7  ("Except as attorney's fees are specifically provided for by statute,
8  the measure and mode of compensation of attorneys and counselors at law
9  is left to the agreement, express or implied, of the parties . . . .").
10 Plaintiff failed to file an opposition or statement of non-opposition to
11 Wachovia's motion as required by Local Rule 230(c).

**I. REQUEST FOR CONSIDERATION OF CERTAIN DOCUMENTS CONCERNING MOTION**

13          Wachovia requests that the Adjustable Rate Mortgage Note (the
14 "Note"), signed by Plaintiff on April 6, 2007, be considered under the
15 incorporation by reference doctrine. (Wachovia's Req. for Judicial
16 Notice ("RJN") 2:12-13, 19-27, Ex. C.) This "doctrine [applies] to
17 situations in which the plaintiff's claim depends on the contents of a
18 document, the defendant attaches the document to its motion . . . , and
19 the parties do not dispute the authenticity of the document, even though
20 the plaintiff does not explicitly allege the contents of that document
21 in the complaint." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).
22 The Note is referenced in the FAC, is central to Plaintiff's claims, and
23 its authenticity is uncontroverted. Since this document is incorporated
24 into the FAC by reference, it will be considered under the incorporation
25 by reference doctrine.

26          Wachovia also requests that the Deed of Trust dated April 6,
27 2007, and recorded with the Office of the Solano County Recorder on
28 April 16, 2007, be judicially noticed, since it is a publicly recorded

document. (RJN 2:14-16, 3:1-10, Ex. D.) A matter may be judicially noticed if it is either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). Since the Deed of Trust is a publicly recorded document, it is judicially noticed. See <u>W. Fed. Sav. & Loan Ass'n v. Heflin Corp.</u>, 797 F. Supp. 790, 792 (N.D. Cal. 1992) (taking judicial notice of documents in a county's public record, including deeds of trust).

## II. DISCUSSION

### A. Wachovia is entitled to reasonable attorneys' fees

Wachovia argues its right to recover attorneys' fees is in the following Note language:

> **Payment of Lender's Costs and Expenses:**
>
> The Lender will have the right to be paid back by me for all of its <u>costs and expenses in enforcing this Note to the extent not prohibited by applicable law</u>. Those expenses may include, for example, reasonable attorneys' fees and court costs.

(Mot. 3:11-17; RJN Ex. C ¶ 7(E) (emphasis added).)

Wachovia also relies on the following Deed of Trust language:

> **Lender's Right to Protect its Rights in the Property:**
>
> If . . . someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property, (including but not limited to any manner of legal proceeding in bankruptcy, in probate, for condemnation or to enforce laws or regulations), then <u>Lender may do and pay for whatever it deems reasonable or appropriate to protect the Lender's rights in the Property</u>. Lender's actions may include, without limitation, appearing in court, paying reasonable attorneys' fees[.]

3

<u>Id.</u> 3:19-4:7; RJN Ex. D ¶ 7 (emphasis added).

Plaintiff alleged the following eight claims against Wachovia in the FAC (Plaintiff's FAC includes damages provisions, an injunction that would stop foreclosure, a declaration that Plaintiff did not breach the contract, and a request for attorneys' fees): (1) fraud and fraud in the inducement; (2) negligent misrepresentation; (3) breach of fiduciary duty; (4) breach of contract; (5) negligence; (6) unfair competition; (7) declaratory relief; and (8) injunctive relief. (FAC ¶¶ 30-77, 12:27-13:9.)

If Plaintiff had prevailed on her claims in the FAC, Wachovia's interest in the property would have been significantly affected. Therefore, Plaintiff's suit challenged "the underlying validity of the obligation," <u>Siglio v. Castellucci</u>, 21 Cal. App. 4th 873, 878 (1994), and Wachovia's defense of this case was undertaken "to protect [Wachovia's] rights in the property." (RJN Ex. D ¶ 7.) Therefore, Wachovia's defense of this action falls within the scope of the attorney fee provisions in the Note and the Deed of Trust; and Wachovia is the prevailing party since Plaintiff's FAC was dismissed with prejudice. Accordingly, Wachovia prevails on its motion for attorneys' fees under Section 1717. <u>See e.g.</u> <u>Smith v. World Sav. and Loan Ass'n</u>, No. 2:10-CV-02855 JAM-JFM, 2011 WL 1833088, at *2 (E.D. Cal. May 12, 2011) (awarding attorneys' fees under Cal. Civ. Code § 1717 in a foreclosure case with the same contract language).

### B. Wachovia's requested attorneys' fees are reasonable

> In calculating reasonable attorney fees[,] the court must consider the following factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill necessary to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or

4

> contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relations with the client, and (12) awards in similar cases.

Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1341-42 (9th Cir. 1986) (citation omitted).

Wachovia's request is supported by the declaration of one of its attorneys and an exhibit that discloses the nature of the professional services rendered. The professional credentials of each attorney is specified and the attached billing statements are reasonable. However, the portion of the declaration requesting attorneys' fees for a reply brief concerning the motion and an appearance at a hearing on the motion is denied since Plaintiff did not oppose the motion, and the motion was submitted without oral argument.

Lastly, the rates specified in the motion are consistent with those requested and awarded in similar cases. See, e.g., Snyder III v. Wachovia Mortg., No. CV F 10-1168 LJO SKO, 2010 WL 3582595, at *4 (E.D. Cal. Sept 10, 2010) (holding that hourly rates of $320, $300, and $250 for attorneys and hourly rates of $155, $145, and $125 for paralegals were reasonable for the same law firm defending the same type of action); Lopez v. Wachovia Mortg., No. 2:09-CV-02340-JAM-KJN, 2010 WL 3034167, at *4 (E.D. Cal. Jul. 30, 2010) (holding that hourly rates of $320 and $280 for attorneys were reasonable to defend a similar action).

Therefore, Wachovia is granted $13,071.50 in attorneys' fees.

Dated: October 12, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

5